Briggs, J.
This is an action of contract for money had and received to the plaintiff’s use, with interest. The answer is a general denial and plea of payment.
At the trial there was evidence that the defendant is engaged in the business of selling furniture; that the plaintiff went to its place of business and agreed to buy several articles and signed “the ordinary form of lease” to purchase articles amounting in value to $198.00. This lease purported to be the entire contract between the parties.
The agent for the defendant testified that these articles were put aside by him ready to be delivered to the plaintiff when he wanted them.
*291 The plaintiff paid twenty dollars down and five dollars each week until fifty dollars had been paid.
It was stated in the report that the furniture was never delivered. The plaintiff never informed the defendant where he wanted it sent.
The written contract or lease between the parties contained the following provisions:
“I agree that, in any event, B. I. Supply Co. may cancel this contract at any time before delivery of the goods, and that delivery of all or any portion of said goods may be made at the convenience of B. I. Supply Co.”
While the goods were still in the possession of the defendant the plaintiff made a demand for a return of his fifty dollars, stating that he did not wish to take the furniture. Upon the refusal to return the fifty dollars he brought this action.
It was the contention of the plaintiff that the provision of the conditional sales contract providing that the defendant could cancel the contract at any time before delivery gave the plaintiff the same right previous to delivery and he filed the following requests for rulings:
1. There is sufficient evidence to warrant a finding for the plaintiff.
2. From all the evidence, even though there was a written lease signed by the plaintiff and the defendant, the contract was void until the goods were delivered.
3. A contract that contains the provision “I agree that, in any event, B. I. Supply Co. may cancel this contract at any time before delivery of the goods ’ ’ is not a binding contract on either party until the goods are delivered.
4. If a seller was not bound to fill the order and deliver the goods there was no binding obligation on either party because of lack of mutuality and any money paid under it should be returned.
*292 5. Where there is a bilateral agreement both the mutual promises must be binding or neither will be.
6. The defendant in the case at bar was not bound to deliver the goods unless they choose to, therefore the plaintiff gained no contractual right against the defendant.
7. In the present case the B. I. Supply Company could cancel the contract and relieve itself from any liability, the plaintiff should be entitled to the same privilege and should have a return of the money paid.
The defendant also filed requests for rulings, which were not dealt with by the Court, which found for the defendant and made the following findings and rulings:
The plaintiff made a contract with defendant to purchase several articles of furniture and pay therefor $198.40. Plaintiff paid thereon $50.00. The balance has never been paid and plaintiff refuses to pay same. I find that the defendant has always been ready to deliver the furniture to the plaintiff upon payment of the balance. Plaintiff’s requests consistent with findings of fact are given, the others refused.
It may be said at the outset that the manner in which the Court dealt with the requested rulings is not the course approved by the decisions of this Commonwealth, and we cannot determine with certainty what consideration was given to them. The action leaves us in doubt as to the principles of law which the Court adopted as governing the case. Povey vs. Colonial Beacon Oil Co., Mass. A. S. (1936) 767. Adamitis vs. Metropolitan Life Ins. Co., Mass. A. S. (1936) 1601.
It appears from the report that this alleged agreement' was based upon an illusory promise by the defendant and that there was no mutuality since the defendant could at all times until delivery refuse further performance without rendering itself liable, consequently the sales agreement which the plaintiff signed could be construed only as an of *293 fer for a contract based upon the delivery of the goods. Such an offer would be revocable until delivery, subject only to liability for damages to the defendant, if any. We are unable to determine whether the Court found delivery within the contemplation of the parties prior to the demand of the plaintiff.
The requests of the plaintiff properly directed the attention of the Court to the question of delivery and as to whether both parties were bound by the contract and whether if both were not, either could enforce against the other. No findings by the Court are of assistance.
Under the rulings made we can only treat these requests as “inconsistent” and denied. As so treated they become subject to the amendment to the Rules of the District Courts effective Oct. 1,1937, Rule XXVTI. See also John Hetherington & Sons, Ltd. vs. Wm. Firth Co., 210 Mass. 8.
We think that the action by the Court constituted prejudicial error. The finding for the defendant is to be vacated and the case is to stand for a new trial.